## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL A. LOMBARDO,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-4742** |
| | : | |
| **COUNTY OF LEHIGH,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**YOUNGE, J.**                                                    **OCTOBER 7, 2024**

Plaintiff Michael A. Lombardo, a prisoner currently incarcerated at the Lehigh County Jail, brings this *pro se* action alleging violations of his civil rights.  Named as Defendants are Lehigh County, the "Leigh County Prosecutor's Office," Judge Robert Steinberg, and Assistant District Attorney Jay William Jenkins.  For the following reasons, the Court will grant Lombardo's application for leave to proceed *in forma pauperis* and dismiss the Complaint.

## I.     FACTUAL ALLEGATIONS[1]

Lombardo seeks to bring claims based on several state court criminal prosecutions.  He alleges that "based on . . . [a] chain of events," the "judicial and prosecutorial" departments of Lehigh County committed "willful misconduct in a persistent and continuing manner to such extent as to constitute a clear pattern [of] malfeasance and harassment, through [the] present day."  (Compl. at 7.)  A review of the publicly available state court docket system reveals that

---

[1]      The factual allegations set forth in this Memorandum are taken from Lombardo's Complaint (ECF No. 2) and the publicly available state court dockets, of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Lombardo's Complaint is handwritten and the Court will disregard the even-numbered pages of the Complaint.  (*See* ECF No. 2.)  The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

several state court criminal prosecutions were ongoing during the period covered by the Complaint and are relevant to Lombardo's allegations.

Lombardo first takes issue with a prosecution that commenced with a May 21, 2016 arrest by the Fountain Hill Police Department in Lehigh County.  (*Id.* (citing "MJ-31106-CR-0000115-2016").)  Lombardo posted bail and was released on May 22, 2016.  (*Id.*)  "After several postponements by the Commonwealth," Lombardo was "picked up on a writ by Lehigh County" to answer to these charges while he was in custody in Northampton County on other charges.  (*Id.* (citing "CP-48-CR-0003976-2015, OTN T6936440").)  Lombardo claims that he made several attempts to inform Lehigh County authorities that his speedy trial rights were violated in connection with the May 2016 charges.  (*Id.*)  He alleges that he was transferred to the custody of Northampton County on May 23, 2018, transferred to Lehigh County on May 30, 2018, and transferred to Northampton County again on June 13, 2018.  (*Id.* at 7-9.)  Lombardo contends that the Northampton County charges were resolved and he received time served, sometime between June 13 and June 15, 2018, although he was not released until June 26, 2018.  (*Id.* at 9 (citing CP-48-CR-0003976-2015).)  He was transferred to Lehigh County again on June 26, 2018 in connection with MJ-31106-CR-0000115-2016.  (*Id.*)  Lombardo asserts that "it is reasonable to believe" that prosecutors and the Magistrate Judge were aware on May 17 or May 30, 2018, that his speedy trial rights had been violated.  (*Id.*)  According to Lombardo, he also raised the issue during a preliminary hearing on September 24, 2018.  (*Id.*)  He further claims that his public defender "repeatedly attempted to coerce and pressure me to plead guilty," and did so during a suppression hearing before Judge Steinberg.  (*Id.*)  On November 7, 2018, Lombardo participated in a video conference and was informed by his public defender that "due

to my fair & speedy trial rights I was being released." (*Id.* at 11.)  The Commonwealth reserved the right to re-charge Lombardo.  (*Id.*)

The second prosecution at issue is based on a May 25, 2021 arrest.  Lombardo avers that he was arrested "on MJ 31102-CR-0001614-2021 & R 1321681"[2] on May 25, 2021, but "R 13321681" was dismissed on June 1, 2021.  (*Id.*)  He further asserts that a preliminary hearing was held on June 14, 2021, "on MJ 31102-CR-0001614-2021," although not every charge was bound over.  (*Id.*)  On June 24, 2021, New Jersey lodged a detainer against Lombardo.  (*Id.*)  He claims he was scheduled to appear in a New Jersey criminal matter on June 16, 2021, but was unable to do so because Lehigh County failed to extradite him.  (*Id.*)  The docket reflects that Lombardo posted bail on November 24, 2021, although it appears that he remained in custody.  *See Commonwealth v. Lombardo*, CP-39-CR-0001614-2021 (C.P. Lehigh).  Lombardo claims that he was refused release due to "being unlawfully confined for a out of state detainer." (Compl. at 11, 13.)  On November 30, 2021, a hearing was held in CP-39-CR-0001614-2021, and the charge of "Fleeing/Eluding Officer" was dismissed.[3]  (*Id.*)  Lombardo claims that the November 30 hearing was unlawful and he was not lawfully in custody because he had posted bail.  (*Id.* at 13.)  He asserts that he was arrested again on December 1, 2021, and was subjected to unlawful confinement from December 1, 2021 until February 14, 2022, when a habeas corpus

---

[2]     The state court docket system reflects a criminal prosecution that was initiated on May 25, 2021.  *See Commonwealth v. Lombardo*, CP-39-CR-0001614-2021 (C.P. Lehigh).  The originating docket is not available for public viewing, but is referenced on the CP-39-CR-0001614-2021 docket as MJ-31102-CR-0000122-2021.

[3]     The Court notes that while the "Fleeing/Eluding Officer" charge was dismissed on November 30, 2024, an amended information was filed on December 3, 2021.  *See Commonwealth v. Lombardo*, CP-39-CR-0001614-2021 (C.P. Lehigh).  Lombardo eventually entered a *nolo contendere* plea on May 24, 2023, on a charge of "Accidents Involving Death or Personal Injury."  *Id.*

hearing was held.  (*Id.* at 13-15 (citing "MJ 31201 MD 0000 161 2021").)[4]  Lombardo contends

that this detention exceeded the Uniform Criminal Extradition Act.  (*Id.*)  He was transferred to

New Jersey on February 17, 2022, and released from custody by authorities in New Jersey on

May 8, 2022.  (*Id.* at 15.)  Lombardo alleges that his subsequent arrest on August 22, 2022, based

on a warrant signed by Judge Steinberg in "MJ 31102-CR-0001614-2021," was unlawful, as he

was arrested for charges that had been dismissed on November 30, 2021.[5]  (*See id.* at 15.)

On September 29, 2022, another criminal complaint was filed against Lombardo on a

charge of "False Identification to Law Enforcement Officer."  (Compl. at 15 (citing MJ-31301-

CR-0000139-2022).)  A preliminary hearing was held on October 5, 2022, and Lombardo alleges

that "all charges were bound over despite not a complaining witness or victim."  (*Id.*)  He claims

that to obtain his release on February 28, 2023, he "was forced to post a extra $1,000" bond even

though he had been granted unsecured bail on September 29, 2022 by Magistrate Thomas

Creighton.  (*Id.* (citing MJ-31301-CR-0000139-2022).)[6]

Based on these allegations, Lombardo lists his claims as:  Fourth Amendment; "willful

misconduct 42 U.S.C.S. § 1983"; "malicious prosecution 42 U.S.C.S. § 1983"; "civil conspiracy

---

[4] The publicly available docket for *Commonwealth v. Lombardo*, CP-39-MD-0002298-2021 (C.P. Lehigh), lists the originating docket as MJ-31201-MD-0000161-2021.  It also reflects the December 1, 2021 charge as "arrest prior to requisition" with an offense date of June 16, 2021, and reflects that Lombardo was detained pending an extradition hearing that was scheduled for February 14, 2022.

[5] The Court notes, again, that an amended information was filed several days after November 30, 2021, however, and Lombardo eventually entered a *nolo contendere* plea on May 24, 2023, on a charge of "Accidents Involving Death or Personal Injury."  *See Commonwealth v. Lombardo*, CP-39-CR-0001614-2021 (C.P. Lehigh).

[6] The Court of Common Pleas docket for this case reflects that Lombardo pled *nolo contendere* to a charge of "False Identification To Law Enforcement Officer" on May 24, 2023. *See Commonwealth v. Lombardo*, CP-39-CR-0003812-2022 (C.P. Lehigh).  The docket also lists a related matter, *Commonwealth v. Lombardo*, CP-39-MD-0001649-2022 (C.P. Lehigh).

42 U.S.C.S. § 1983"; "conspiracy to interfere with civil rights 42 U.S.C.S. § 1983"; Fourteenth

Amendment; "Due Process 42 U.S.C.S. § 1983"; and "Equal Protection 42 U.S.C.S. § 1983."

(*See id.* at 5.)  As relief, Lombardo seeks monetary and other damages.  (*Id.*)  Lombardo further

requests that his case be placed on the Civil Rights Panel for appointment of counsel.  (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Lombardo leave to proceed *in forma pauperis* because it appears

that he is incapable of paying the fees to commence this civil action.[7]  Accordingly, 28 U.S.C. §

1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state

a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged

in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask

only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v.*

*United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by*

*Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.

*Iqbal*, 556 U.S. at 678.

As Lombardo is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v.*

*Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

---

[7]       Since Lombardo is a prisoner, he will be obligated to pay the filing fee in installments in
accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F. 3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and "apply the applicable law, irrespective of whether the pro se litigant mentioned it be name," *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").  An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'"  *Vogt,* 8 F.4th at 185.

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

## III.  DISCUSSION

The Court understands Lombardo primarily to raise constitutional claims under 42 U.S.C. § 1983 pursuant to the Court's federal question jurisdiction.  (*See* Compl. at 5.)  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following

reasons, the Court will dismiss Lombardo's constitutional claims against all Defendants.[8]

**A.      Claims Against Lehigh County**

It appears that Lombardo named Lehigh County as a defendant based on the mistaken

belief that the county is responsible for the events that took place in his Pennsylvania state court

judicial proceedings. However, the Eleventh Amendment bars suits against a state and its

agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v.*

*Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d

Cir. 2003). The Lehigh County Court of Common Pleas, as part of Pennsylvania's unified

judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v.*

*First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Accordingly, the Court will

dismiss the claims against Lehigh County on this basis as implausible. *See Scheib v.*

*Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) (*per curiam*) ("It appears that [plaintiff]

named the County as a defendant because she mistakenly believes that the Allegheny County

Court of Common Pleas is a County entity. As the District Court correctly noted, however, the

court is a Commonwealth—not County—entity. . . . Therefore, [plaintiff's] claims against the

Court of Common Pleas are . . . barred by the Eleventh Amendment."); *Perez v. Borough of*

*Berwick*, 507 F. App'x 186, 190 (3d Cir. 2012) (upholding the district court's finding that the

---

[8]      The Court notes that Lombardo is an experienced litigant in this District. This is the sixth
matter he has commenced this year. *See Lombardo v. Zanelli*, Civil Action No. 24-1383 (E.D.
Pa.) (dismissed); *Lombardo v. Wescoe*, Civil Action No. 24-1385 (E.D. Pa.) (stayed); *Lombardo
v. Zanelli*, Civil Action No. 24-1806 (E.D. Pa.) (pending habeas matter); *Lombardo v. Evans*,
Civil Action No. 24-1999 (E.D. Pa.) (dismissed); *Lombardo v. Evans*, Civil Action No. 24-2378
(E.D. Pa.) (dismissed as duplicative of Civil Action No. 24-1999). Judge Steinberg and ADA
Jenkins were named as Defendants in Civil Action No. 24-1999 and several claims presented in
this matter were raised in that case as well.

Columbia County Probation and Parole Department was "'not part of Columbia County,' but rather 'an agency of the Commonwealth'" of Pennsylvania and recognizing that the fact "that Pennsylvania probation and parole departments are legally part of the Commonwealth's Unified Judicial District" remained true even where a probation officer testified that she "'work[ed] for Columbia County as a probation/parole officer'" and where the second amended complaint named Columbia County as a defendant and inaccurately alleged that the County "operated the . . . Probation Department").

### B.    Claims Barred by Prosecutorial Immunity

Lombardo seeks to present various constitutional claims against Jay William Jenkins, an Assistant District Attorney in Lehigh County.  (*See* Compl. at 3.)  It is well settled that prosecutors are entitled to absolute immunity from liability for damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  "[W]hether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation."  *Yarris v. Cty. of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006).  Absolute immunity extends to the decision to initiate a prosecution, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," presenting a state's case at trial, and appearing before a judge to present evidence.  *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (internal citations omitted).  "[P]rosecutors [also] are entitled to absolute immunity from claims for damages related to their roles in choosing when and whether to dismiss charges or withdrawal an arrest warrant lodged against a defendant."  *Garcia v. Philadelphia Dist. Attorney's Off.*, No. 23-1224, 2023 WL

3750604, at *2 (3d Cir. June 1, 2023) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991) (extending absolute immunity to protect those functions in which the prosecutor acts as an "advocate for the State," even if they "involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom"), *cert. denied*, 144 S. Ct. 850 (2024).

Lombardo's allegations concern actions taken by Jenkins in Lombardo's various state court prosecutions.  (*See* Compl. at 7-15.)  Because Lombardo's claims against Jenkins are based upon his actions as a prosecutor representing the Commonwealth in the judicial phase of Lombardo's state criminal proceedings, Jenkins is entitled to absolute immunity.  Accordingly, Lombardo's claims against Jenkins will be dismissed.

### C.    Claims Barred by Judicial Immunity

Lombardo also has named the Honorable Robert L. Steinberg of the Lehigh County Court of Common Pleas as a Defendant.  (Compl. at 3.)  To the extent that Lombardo seeks to present claims against Judge Steinberg in connection with his various state court criminal prosecutions, such claims must be dismissed.  Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."  *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court,

judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad

faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of

a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *see also Lee v. Gallina*

*Mecca*, No. 22-2871, 2023 WL 5814783, at *4 (3d Cir. Sept. 8, 2023) ("But even accepting

Lee's allegations as true, judicial acts that appear to be unfair, malicious, or *ex parte* are not

stripped of their judicial immunity).  As Lombardo's allegations concerning Judge Steinberg are

based on acts he took in his judicial capacity while presiding over a matter over which he had

jurisdiction, Judge Steinberg is entitled to absolute judicial immunity from Lombardo's claims.[9]

### D.      Claims Against Leigh County Prosecutor's Office

The Lehigh County Prosecutor's Office will be dismissed with prejudice because the

United States Court of Appeals for the Third Circuit has held that district attorney's offices in

Pennsylvania are not entities subject to suit under § 1983.  *See Reitz v. Cnty. of Bucks*, 125 F.3d

139, 148 (3d Cir. 1997) (holding that "the Bucks County District Attorney's Office is not an

---

[9]      To the extent Lombardo seeks to present a § 1983 claim based on the bail determinations
in *Commonwealth v. Lombardo*, MJ-31301-CR-0000139-2022, such claim fails as well based on
judicial immunity.  *See Blackwell v. Middletown Borough Police Dep't*, No. 12-825, 2012 WL
4033671, at *3-4 (M.D. Pa. May 30, 2012) (dismissing *pro se* plaintiff's claims against a
magisterial district judge for failure to state a claim at screening because "judicial immunity . . .
expressly extends to Pennsylvania magisterial district court judges"), *report and
recommendation adopted*, 2012 WL 4025956 (M.D. Pa. Sept. 12, 2012); *Youst v. Lancaster City
Bureau Police Dep't*, No. 20-3287, 2020 WL 6562073, at *3-4 (E.D. Pa. Nov. 9, 2020)
(magisterial district judge was entitled to absolute immunity where the only allegations against
her rose from "judicial determinations she made and an order she entered in the course of [the
plaintiff's] criminal arraignment and [in] setting his bail").  Any such § 1983 against Defendant
Jenkins also would not be plausible due to prosecutorial immunity.  *See Harrison v. Abraham*,
No. 96-4262, 1997 WL 256970, at *20-21 (E.D. Pa. May 16, 1997) (granting summary judgment
in favor of prosecutor on excessive bail claim because, "under the relevant Pennsylvania Rules
of Criminal Procedure in effect throughout the pendency of Mr. Harrison's criminal case, only
judges and certain 'issuing authorities,' such as bail commissioners, had the authority to set and
reduce bail"); *Lutz v. Lavelle*, 809 F. Supp. 323, 327 (M.D. Pa. 1991) (dismissing a § 1983 claim
for failure to provide reasonable bail, stating that a state prosecutor may not be held liable for
excessive bail because setting bail is within the sole province of the judicial authority).

entity for purposes of § 1983 liability"); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (*per curiam*) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983."); *but see Harper v. City of Philadelphia*, No. 18-365, 2018 WL 5784549, at *2 (E.D. Pa. Nov. 2, 2018) ("District courts within the Third Circuit disagree about whether the DAO is a separate entity from the City of Philadelphia such that it can be sued separately under § 1983."); *Quintana v. City of Philadelphia*, No. 17-996, 2017 WL 3116265, at *4 (E.D. Pa. July 21, 2017) ("Quintana may sue the District Attorney's Office in addition to the City."); *Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 711-12 (E.D. Pa. 2015) ("[T]he Court concludes that neither § 16257 nor *Reitz* bars suit against the D.A.'s Office under the circumstances of this case.").

Even assuming *arguendo* that the Lehigh County District Attorney's Office could be subject to liability in a § 1983 action as a county-level agency,[10] Lombardo has not alleged a plausible basis for a claim against it because nothing in the Complaint suggests that the alleged violations of Lombardo's rights resulted from a policy or custom of the Lehigh County District Attorney's Office.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."); *see also Barosh v. Ramirez*, No. 19-322, 2020 WL 416844, at *6 (M.D. Pa. Jan. 27, 2020) ("[E]ven assuming that Plaintiff can proceed against the DAO, he

---

[10]    Pennsylvania's Constitution expressly defines District Attorneys as county rather than state officers.  *See* Pa. Const., Article IX, Section 4 ("County officers shall consist of . . . district attorneys . . . and such others as may from time to time be provided by law.").

has failed to set forth a municipal liability claim against that entity.").  Accordingly, the Court

will dismiss Lombardo's claims against this defendant.[11]

---

[11]      There are other problems with Lombardo's federal claims.  For example, he indicates that he seeks to present § 1983 conspiracy and equal protection claims; however, Lombardo has not plausibly alleged a basis for a conspiracy, or plausibly pled that he was treated differently than others who are similarly situated.  *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (*per curiam*) ("'A conspiracy cannot be found from allegations of judicial error, *ex parte* communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'" (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990))); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("[A] bare assertion of conspiracy will not suffice."); *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) ("Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'" (emphasis omitted)).

          Furthermore, in addition to failing to satisfy the *Iqbal* pleading standard, there are additional reasons for the dismissal of Lombardo's § 1983 claims.  The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose.  *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *see also Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).  The Pennsylvania statute of limitations for a personal injury action is two years.  *Kach*, 589 F.3d at 634 (citing 42 Pa. Cons. Stat. § 5524(2)).  Thus, the limitations period applicable to Lombardo's § 1983 claims is two years.  A claim accrues for statute of limitations purposes "when a plaintiff has a complete and present cause of action, that is, when [she] can file suit and obtain relief."  *Dique*, 603 F.3d at 185 (quotations omitted).  In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [her] action is based."  *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).  Thus, any § 1983 due process or malicious prosecution claims based on the state court criminal matter "MJ-31106-CR-0000115-2016," which terminated in 2018, are time-barred.  Similarly, any § 1983 due process and malicious prosecution claims based on his detention in *Commonwealth v. Lombardo*, CP-39-CR-0001614-2021 (C.P. Lehigh) are either time-barred, or barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

E.        **State Law Claims**

Lombardo includes "willful misconduct 42 U.S.C.S. § 1983" in his list of claims.  To the extent Lombardo seeks to assert a state law claim for willful misconduct pursuant to 42 Pa. C.S. § 8550, he has not pled an independent basis for the Court's jurisdiction over such claim.[12] District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3)).

---

[12]        Because the Court has dismissed Lombardo's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

Lombardo does not plead the citizenship of any party to this suit.  (*See* Compl. at 3-5.) Since the Complaint fails to allege a basis for diversity jurisdiction, any state law claims will be dismissed without prejudice for lack of jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Lombardo leave to proceed *in forma pauperis* and dismiss the Complaint.  All federal claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Lombardo will not be given leave to amend these claims as the Court concludes that amendment would be futile because such claims are barred by principles of immunity, or are otherwise improper.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Any state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  Additionally, the Court will deny Lombardo's request for the appointment of counsel.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).  An appropriate Order follows, which dismisses this case.

BY THE COURT:

/s/ John Milton Younge
**JOHN MILTON YOUNGE, J.**

14